IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CARLTON WAYNE SMITH,**

    Petitioner,

vs.                                           Case No. 4:14cv402-RH/CAS

**UNITED STATES OF AMERICA,
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, MIAMI DIVISION,
CHIEF COUNSEL, MIREN O. FORERO,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

On August 1, 2014, the Clerk of Court received a § 2241 habeas petition from the pro se Petitioner who is incarcerated at the Wakulla Correctional Institution, a facility within the Florida Department of Corrections.  Doc. 1.  Petitioner did not pay the filing fee for this case, nor submit an in forma pauperis motion.  A separate Order has been entered directing Petitioner to correct that deficiency.  Doc. 3.

It has now been discovered that Petitioner also submitted another petition for writ of habeas corpus pursuant to § 2241 at approximately the same time.  Case number 4:14cv404 has also been opened for Petitioner.  The Respondent in both this case and

the second case is the United States of America, U.S. Immigration and Customs Enforcement.[1]  The two petitions are not identical, yet they appear to be related. Petitioner may not simultaneously pursue two habeas petitions against the same Respondent concerning the same underlying conviction or sentence.

In both cases, Petitioner indicates the conviction or sentence for which he is presently incarcerated is a 2009 conviction for illegal re-entry after deportation in the United States District Court, Southern District of Florida.  Petitioner entered a guilty plea and was sentenced to two years in prison.

In the instant petition, Petitioner presents two grounds to support his claim that his incarceration is unlawful.  Doc. 1 at 3.  Nether of those grounds appear related to the 2009 conviction cited at the beginning of the petition.  In the first ground, Petitioner's supporting facts relate to a 1996 conviction for selling or transporting marijuana and he contends that conviction was used retroactively to support his removal to Jamaica.  In the second ground, Petitioner contends the Immigration Judge failed to advise him of his rights to appeal and his eligibility for a waiver of deportation which violates Petitioner's due process rights.  Those issues would, presumably, be Petitioner's basis to challenge the federal 2009 conviction for re-entry after deportation.  Yet the petition is insufficient on its face because Petitioner does not clearly indicate the relationship to the conviction which he seeks to challenge in this habeas petition and those prior convictions.

---

[1] In this case, Petitioner also names Miren O. Forero, Chief Counsel as a Respondent. Doc. 1 at 1.

Moreover, the instant petition is deficient because Petitioner does not state any relief that he seeks.  Petitioner has left that section of the form blank and does not state why he filed this case or what he wants this Court to do to provide him relief.

Furthermore, it does not appear that Petitioner is still serving the sentence he lists in response to question 2 of the petition.  Petitioner indicates he is incarcerated for the federal offense, but his address at the Wakulla Correctional Institution indicates Petitioner is no longer under federal custody but is, instead, serving a state sentence.  Judicial notice is taken of case number 1:09cr20952 from the Southern District of Florida that judgment was entered against Petitioner pursuant to a plea agreement, docs. 19 and 23, on March 10, 2010.  Petitioner was sentenced to 24 months imprisonment on count one of the indictment with one year supervised release and count 2 was dismissed.  Docs. 22, 23.

Petitioner filed a motion to vacate under § 2255 on May 7, 2010, which was denied on March 3, 2011.  Docs. 25, 29.  Thereafter, Petitioner filed petitions for writs of error coram nobis, docs. 31 and 32, which were also denied.  Docs. 33, 36.  Of relevance to this proceeding, United States District Judge Marcia G. Cooke explained that in Petitioner's § 2255 petition, he "raised the following claims: the court lacked subject matter jurisdiction over the offense of conviction because the offense was unconstitutional as applied; (2) the immigration judge violated his constitutional rights during the Petitioner's removal proceedings; and (3) pursuant to United States v. Ubaldo-Figueroa, 347 F.3d 718 (9th Cir. 2009), Petitioner's conviction and sentence should be vacated because of the underlying deportation order used to convict him was entered in violation of his constitutional rights." Doc. 36 at 2.  Each of the claims were

found to lack merit and were denied. *Id.* The petitions for writ of error coram nobis were denied because Petitioner was "attempting to re-litigate the same claims that have already been presented, considered and dismissed." *Id.* at 3.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' " Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), *quoting* 28 U.S.C. § 2241(c)(3). The "in custody" statutory language requires the petition to "be 'in custody' under the conviction or sentence under attack at the time his petition is filed. Maleng, 490 U.S. at 490–491, *citing* Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968). The Court held in Maleng that a habeas petitioner is not "in custody" if the sentence or conviction challenged has "fully expired" at the time a habeas petition is filed, even though collateral consequences flow from a prior conviction and even if there is a "possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." 490 U.S. at 492. Because Petitioner was convicted and sentenced on March 10, 2010, to a 24-month term of imprisonment and one year of supervised release, his sentence was fully expired by March 10, 2013. This Court lacks subject matter jurisdiction to consider this § 2241 petition since Petitioner does not meet the "in custody" requirement.

To the degree the petition should be construed as a petition for writ of coram nobis, such relief is not possible in this Court. "A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no

longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." Chaidez v. United States, ––– U.S. –––, 133 S.Ct. 1103, 1106 n.1, 185 L.Ed.2d 149 (2013), *citing* United States v. Morgan, 346 U.S. 502, 507, 510–511, 74 S.Ct. 247, 98 L.Ed. 248 (1954).  Yet, coram nobis is an extraordinary remedy and is only available to a petitioner who has no other means of challenging his sentence. United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) (stating that "[a] writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for postconviction relief under 28 U.S.C. § 2255.").  Furthermore, "the writ of coram nobis was 'available to bring before the court that pronounced the judgment errors in matters of fact which had not been put in issue or passed upon and were material to the validity and regularity of the legal proceeding itself . . . ." United States v. Addonizio, 442 U.S. 178, 186, 99 S.Ct. 2235, 2241 (1979), *quoting* United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 19-20, 59 L.Ed. 129 (1014).  However, Petitioner has already "put in issue" the claims he seeks to litigate in this habeas petition in his prior § 2255 motion and in two prior petitions for writ of coram nobis.  Petitioner may not continue to litigate claims which have been dismissed.

      Moreover, this Court is not the "court that pronounced the judgment" Petitioner seeks to challenge.  The proper forum for seeking coram nobis relief is in the court that had subject matter jurisdiction over Petitioner's original judgment of conviction. United States v. Denedo, 556 U.S. 904, 912–913, 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009) (explaining that "an application for the writ [of coram nobis] is properly viewed as a belated extension of the original proceeding during which the error allegedly

transpired."), *citing* United States v. Morgan, 346 U.S. 502, 505, n. 4, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (noting that coram nobis is "a step in the criminal case" and is not a separate civil proceeding).  Thus, even if the petition should be construed as one seeking a writ of coram nobis, this Court is not the court where Petitioner was convicted and cannot provide such relief.

In light of the foregoing, notwithstanding the fact that the filing fee has not yet been paid, it is respectfully **RECOMMENDED** that Petitioner Carlton Wayne Smith's petition for writ of habeas corpus, doc. 1, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on August 6, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**